# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHARLES W. PITTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-199-GKF-TLW |
| | ) | |
| THERMO KING OF TULSA, LLC, | ) | |
| a limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter comes before the court on defendant's Motion for Summary Judgment. [Dkt. #32]. Plaintiff Pittman alleges injuries sustained during his employment were substantially certain to occur, and thus despite receiving Workers' Compensation, his employer defendant Thermo King of Tulsa, LLC is liable under *Parret v. UNICCO Serv. Co.*, 127 P.3d 572 (Okla. 2005). Pittman filed in state court, and Thermo King removed the case based on diversity jurisdiction. [*See* Dkt. #16].

Thermo King moves for summary judgment, arguing (1) Pittman cannot show Thermo King desired to bring about the alleged injury and (2) Pittman failed to allege facts or evidence that Thermo King acted with knowledge that Pittman's alleged injuries were substantially certain to result. The court agrees, and grants summary judgment.

## I. FACTS

Pittman fell from an elevated height while performing his duties as a refrigeration technician for Thermo King and suffered injury. Pittman installed and removed refrigeration units on tractor-trailers. While removing a SB-190 unit from a trailer, Pittman climbed an unopened ladder placed on top of an approximately six foot tall scaffolding platform to reach the

top bolts on the unit. When the locking mechanism on the scaffolding's casters released, the platform shifted and Pittman fell.

The following disputed facts must be accepted for the purposes of the Motion for Summary Judgment:

- Thermo King's Tulsa General Manger, Mr. Pierce, knew the locking mechanism had failed previously;
- The locking mechanism was properly set on the day of the injury; and
- The locking mechanism failed the day of the injury.

Pittman's use of the unopened ladder was contrary to normal operating procedure. The company had no formal training or rule governing the procedure for using the scaffolding or the ladder, but Thermo King's uncontroverted testimony is that an unfolded ladder leaned against the trailer was improper. Proper procedure involved unfolding the ladder into the "A" position and facing it perpendicular to the trailer to reach the highest bolts on the refrigeration units. Pittman instead regularly leaned an unfolded ladder against the trailer, including on the day of the injury.

No similar injury occurred previously. The same scaffolding has been used for decades. And Pittman testified that the locking mechanism had failed repeatedly during his two years as an employee. Pittman suffered no previous injury despite always using the ladder in the improper position. Pittman received Workers' Compensation disbursements for his injuries.

## II.  **LEGAL ANALYSIS**

Summary judgment is proper because Pittman has presented insufficient evidence to sustain a reasonable jury to find that Thermo King acted with knowledge the injury was substantially certain to result.

### A. Summary Judgment Standard

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Federal Rule of Civil Procedure 56(a) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). A court must examine the factual record in the light most favorable to the party opposing summary judgment. *Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793, 796 (10th Cir. 1995).

When the moving party has carried its burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (citations omitted). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Adler*, 144 F.3d at 670. In essence, the inquiry for the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

### B. *Parret* Tort Standard

Pittman relies on the intentional tort exception to claim his cause of action is not barred by the exclusive remedy provision of the Oklahoma Workers' Compensation Act. *See Parret*,

127 P.3d at 579; 85 Okla. Stat. § 12, *repealed and recodified at* 85 Okla. Stat. § 302(A). Pittman does not claim Thermo King "desired to bring about the worker's injury," but rather that defendant "acted with the knowledge that such injury was substantially certain to result from the employer's conduct." *Parret*, 127 P.3d at 579. Thus, the issue is "whether the employer knew [the injury] was substantially certain to occur." *Id.*

Pittman must show "**nothing short of a demonstration of the employer's knowledge of the substantial certainty of injury**." *Price v. Howard*, 236 P.3d 82, 88 (Okla. 2010) (emphasis in original). The Oklahoma Supreme Court laid out the pleading requirement in *Parret*:

> The employer's subjective appreciation of the substantial certainty of injury must be demonstrated. In most cases, however, it will be necessary to demonstrate the employer's subjective realization by circumstantial evidence. Thus, an employer's knowledge may be inferred from the employer's conduct and all the surrounding circumstances. . . .
>
> Thus, the employer must have acted, or have failed to act, with the knowledge that injury was substantially certain, not merely likely, to occur. The employer must have knowledge of more than "foreseeable risk," more than "high probability," and more than "substantial likelihood." Nothing short of the employer's knowledge of the "substantial certainty" of injury will remove the injured worker's claim from the exclusive remedy provision of the Workers' Compensation Act, thus allowing the worker to proceed in district court.
>
> Mere allegations of intentional conduct will not circumvent the Workers' Compensation Act. The worker must allege facts which "plausibly demonstrate" that the employer's conduct was intentional under the "substantial certainty" standard. *Harn,* 506 N.W.2d at 95. "In terms of intentional tort then, the use of the word 'intent' in allegations 'is not a talisman that can change the allegations into colorable claims....'" *Mingachos v. CBS, Inc.,* 196 Conn. 91, 491 A.2d 368, 375 (1985) (quoting *Keating v. Shell Chem. Co.,* 610 F.2d 328, 332 (5th Cir. 1980)).

127 P.3d at 579.

### C. A Reasonable Jury Could Not Find That Thermo King Acted With Knowledge That Pittman's Injury Was Substantially Certain To Result From Thermo King's Conduct.

Pittman's allegations and evidence presented cannot support a reasonable jury finding Thermo King intended to harm him or knew injury would occur with substantial certainty.

First, Pittman provides no direct evidence that the company President, Regional Operations Manager, or Tulsa Branch General Manager knew the injuries were "substantially certain" to result from using the scaffolding and ladder. Pittman's only allegation that any member of management knew of the danger prior to the accident is that several employees verbally told the general manager, Pierce, about the malfunctioning locking mechanism on various occasions. Pierce's presumed knowledge of the faulty locking mechanism is not direct evidence that Pierce knew injury was substantially certain to occur.

Second, Pittman points to no previous similar incidents despite decades of similar use of the scaffolding and ladder. *Cf. Price*, 236 P.3d at 88-89 (holding evidence was insufficient to support a *Parret* tort, in part because company airplane "fitted with the experimental five-bladed propellers" that crashed killing plaintiff "had flown some twenty to thirty hours" on previous flights without incident); *Berry v. Norris Sucker Rods*, 2011 WL 3734213, at *3 (N.D. Okla. Aug. 24, 2011) (holding plaintiff stated a claim under *Parret*, in part, because "two other employees had previously been injured when the turret lathe machine malfunctioned in the same or similar manner"). Other employees experienced the failed locking mechanism without concern that injury was imminent. *See, e.g.*, Fielstra Dep. [Dkt. #32-4, p.11 (noting more than 50 times Fielstra was on scaffolding when mechanism failed)]. Pittman himself admits that he cannot recall ever using the ladder properly when on the scaffolding during his two years with Thermo King, and yet never suffered a similar fall. *See* Pittman Dep. [Dkt. #38-1, pp.5-6].

Indeed, neither Pittman nor any other employee told management that they were not going to use the scaffolding or that they felt injury was likely, much less substantially certain. [Dkt. #38, p.5 (noting Fact #22 in Dkt. #32 was undisputed)]; *cf. Parret*, 127 P.3d at 574 ("other [] employees had refused to do the work because they felt it was unsafe").

Third, the lack of formal training or specific guidelines could prove company negligence but cannot prove the company had prior knowledge of a substantially certain injury. Negligence in training or supervising is the type of claim that is barred by the exclusive remedy provision. *Armstrong v. Carr*, 77 P.3d 598, 603 (Okla. App. 2003).

Fourth, Pittman's argument relies on proving Pierce was "substantially certain" to cause a fall like Pittman suffered. If Pierce was substantially certain of such a fate, he would never had put himself in the same position. But Pierce testified that he had used the scaffolding between 10 and 100 times. Pierce Dep. [Dkt. #32-3, p.8]. Pierce further testified that he had climbed on the ladder leaned against the trailer on top of the scaffolding to demonstrate why that is an improper method. *Id.* at 16. No one could reasonably determine that Pierce knew such an injury was substantially certain given his decision to expose himself to such danger. *See Price*, 236 P.3d at 88-90 (finding that defendant could not have been substantially certain that company modification to its airplane would cause a crash, in part, because the President and a major shareholder were on board).

Finally, Pierce's knowledge that employees had used the ladder improperly 10-20 times in his 32 years at Thermo King is insufficient to support a finding that he knew such improper use would occur when the locking mechanism failed and injuries from a fall were substantially certain. *See* Pierce Dep. [Dkt. #32-3, p.13].

While Thermo King, and Pierce specifically, may have been reckless for allowing the scaffolding to be used when the locking mechanism malfunctioned, Pittman has not presented evidence that a reasonable jury could find Thermo King knew these injuries were substantially certain to occur. Hindsight may be 20/20, but Pittman must show "nothing short of a demonstration of the employer's knowledge of the substantial certainty of injury." *Price*, 236 P.3d at 88 (emphasis omitted). For the foregoing reasons, Pittman "simply cannot surpass the 'formidable barrier to recovery in tort' established by Oklahoma law for cases of this type." *Brown v. Cobb Vantress Grand Meadows*, 2011 WL 5507357, at *4 (W.D. Okla. Nov. 10, 2011) (*quoting Price*, 236 P.3d at 90).

WHEREFORE, Thermo King's Motion for Summary Judgment [Dkt. #32] is granted. Thermo King's Motions in Limine [Dkt. ## 22, 23, 24] and Pittman's Motions in Limine [Dkt. ## 33, 34] are denied as moot. A separate judgment will be issued in favor of defendant Thermo King.

DATED this 10th day of September, 2012.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT